**GREATER OWYHEE LEGAL DEFENSE ("GOLD"), an unincorporated association, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, et al., Defendants.**

**Civ. No. 92–0189–S–HLR.**

United States District Court, D. Idaho.

May 9, 1995.

Murray D. Feldman, Brian R. Hanson, Boise, ID, for Greater Owyhee Legal Defense.

D. Marc Haws, Asst. U.S. Atty., Betty H. Richardson, U.S. Atty., Boise, ID, for Dept. of Defense.

D. Marc Haws, Asst. U.S. Atty., Boise, ID, Peter E. Bogy, Air Force Environmental Law & Litigation Dept., AFLSA/JACE, Arlington, VA, for Richard B. Cheney.

D. Marc Haws, Asst. U.S. Atty., Boise, ID, for Donald B. Rice, Les Aspin, Sheila E. Widnall, Dept. of Interior, Bruce Babbitt, Bureau of Land Management.

## ORDER ADOPTING SECOND REPORT AND RECOMMENDATION

LODGE, Chief Judge.

### I. INTRODUCTION

On October 7, 1994, United States Magistrate Judge Mikel H. Williams issued a second report and recommendation in the above-entitled matter. Magistrate Judge Williams recommends that the court grant plaintiffs' motion for partial summary judgment and deny defendants' motion for partial summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d), the parties had ten days in which to file written objections to the report and recommendation. After receiving extensions of time from the court, the defendants filed their objections on November 9, 1994, and the plaintiffs filed their response on December 12, 1994.

## II. DISCUSSION

In light of the objections filed by the defendants, the court has engaged in an independent, de novo review of the record, as required by 28 U.S.C. § 636(b)(1). Rather than restate the general factual background of this case and the respective arguments of the parties, the court hereby incorporates by reference these elements of the report and recommendation filed on October 7, 1994.

The court has conducted a detailed review of the entire record in this matter, including all of the memoranda, affidavits, and exhibits filed by the parties in relation to the motions for partial summary judgment, as well as the defendants' objections to the report and recommendation and the plaintiffs' response. The court has also reviewed the cases cited by the parties in all of their memoranda and by the magistrate in his report and recommendation. Having conducted this thorough and independent review of the record, in light of the facts presented in this case and the substantive law applicable thereto, this court finds that the magistrate did not err when he concluded that plaintiffs' motion for partial summary judgment should be granted, and defendants' motion should be denied.

In their objections to the report and recommendation, the defendants do not offer the court any new authority which would cause it to reverse or modify the magistrate's report. On the contrary, the objections rely on the same statutory provisions, regulations, and cases cited to the magistrate. The objections primarily attempt to refashion the facts in an unsuccessful effort to avoid the findings and conclusions of the magistrate. However, much of the defendants' present version of the facts runs contrary both to the stipulation of facts entered into by the parties, and to the administrative record on file.

In sum, nothing presented in the defendants' objections would cause this court to alter or reject any of the findings, reasoning, and conclusions of the magistrate. The magistrate's findings and conclusions are well documented in the administrative record and amply supported by controlling precedent.

## III. ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the findings, reasoning, and conclusions contained in the report and recommendation entered on October 7, 1994, should be, and are hereby, ADOPTED in their entirety and INCORPORATED herein by reference.

IT IS FURTHER ORDERED that plaintiffs' Motion for Partial Summary Judgment, filed June 6, 1994, should be, and is hereby, GRANTED. Accordingly, summary judgment is hereby GRANTED in favor of plaintiffs on their Fourth, Ninth, Twelfth, Thirteenth, and Sixteenth Claims for Relief set forth in the First Amended Complaint filed May 24, 1994.

IT IS FURTHER ORDERED that summary judgment is specifically GRANTED in favor of plaintiffs as follows:

1. That the Idaho Training Range proposal constituted a proposal of major federal action significantly affecting the quality of the human environment under 42 U.S.C. § 4332(2)(C);

2. That the Idaho Training Range and Composite Wing are connected actions pursuant to 40 C.F.R. § 1508.25(a)(1);

3. That the Idaho Training Range and Composite Wing are cumulative actions pursuant to 40 C.F.R. § 1508.25(a)(2);

4. That the failure to include a study of the environmental impacts of the Idaho Training Range in the AF EIS was an abuse of discretion or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A); and

5. That the failure to include a study of the environmental impacts of the Idaho Training Range in the AF EIS was "without observance of procedure required by law" under 5 U.S.C. § 706(2)(D).

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment should be, and is hereby, DENIED.

IT IS FURTHER ORDERED that this matter should be, and is hereby, REMANDED to the defendant agencies to conduct a combined environmental impact statement

that includes an analysis of both the Idaho Training Range and the Composite Wing.

IT IS FURTHER ORDERED that all pretrial matters shall remain referred to United States Magistrate Judge Mikel H. Williams. Judge Williams is requested to set a briefing schedule on the injunction issue and to prepare an additional report and recommendation on that issue. In the meantime, in keeping with the recommendation of the magistrate judge, all counsel are hereby DIRECTED to meet together in an attempt to reach agreement on the injunction issue. The court anticipates that the magistrate judge will set a deadline for the parties to report to him on the efforts made toward resolving the injunction issue.